UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rush Watson, II; and
Geretta Watson,

        Plaintiffs,

v.

Homecomings Financial, LLC,

        Defendant.

Civil No. 09-859 (DWF/JJG)

**MEMORANDUM OPINION AND ORDER**

_____

David M. Cialkowski, Esq., Hart L. Robinovitch, Esq., and Timothy J. Becker, Esq., Zimmerman Reed, PLLP; Earl P. Underwood, Jr., Esq., Law Offices of Earl P. Underwood, Jr.; George R. Irvine, III, Esq., Stone, Granade & Crosby, PC; counsel for Plaintiffs.

Anand S. Raman, Esq., Skadden Arps Slate Meagher & Flom LLP; Michael J. Steinlage, Esq., Larson King, LLP, counsel for Defendant.

_____

# INTRODUCTION

This matter is before the Court on a Motion to Dismiss, Stay, or Transfer brought by Defendant Homecomings Financial, LLC. For the reasons stated below, the Court denies the motion without prejudice and directs the parties to engage in limited expedited discovery as explained in this Order.

# BACKGROUND

Defendant is engaged in the business of originating, financing, securitizing, servicing, and selling residential mortgage loans. (Compl. ¶ 8.) Plaintiffs Rush Watson,

II and Geretta Watson are African-American homeowners who obtained a home mortgage loan from Defendant. (Compl. ¶¶ 4, 28.) On April 14, 2009, Plaintiffs filed this lawsuit on behalf of themselves and a putative nationwide class of African-American borrowers. In their Complaint, Plaintiffs allege three causes of action: a violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, *et seq.*; a violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*; and a violation of the Civil Rights Act ("CRA"), 42 U.S.C. §§ 1981, 1982. Plaintiffs claim that Defendant's home financing policies and practices, which include an alleged "discretionary pricing policy," have a "widespread discriminatory impact on African-American applicants for home mortgage loans, in violation of the ECOA, FHA and CRA." (Compl. ¶ 2.) Plaintiff also alleges, in support of its CRA claim, that by charging higher rates to Plaintiffs and class members, Defendant intentionally discriminated against the class. (Compl. ¶ 65.)

On March 17, 2008, plaintiffs Ricardo Guerra and Eric Ochoa filed a lawsuit in the United States District Court for the Eastern District of Pennsylvania against GMAC, LLC, two related companies, and ten unnamed individuals (the "*Guerra* lawsuit"). (Decl. of Anand S. Raman in Supp. of Def.'s Mot. to Dismiss, Stay, or Tr. ("Raman Decl.") ¶ 1, Ex. 1.) The *Guerra* complaint was amended to add Defendant Homecomings as a named defendant. (*Id.* ¶ 2, Ex. 2.) The plaintiffs in the *Guerra* lawsuit brought the action on behalf of a putative nationwide class of minority borrowers. (*Id.* ¶ 2, Ex. 2 at ¶ 69.) In that suit, the plaintiffs allege that the defendants established a "discretionary pricing policy" that has a widespread discriminatory impact on minority applicants for home

mortgage loans in violation of the ECOA and FHA. (*Id*. at ¶ 5.) In the *Guerra* lawsuit, the plaintiffs originally asserted, but later dropped, a CRA claim.

Defendant now moves the Court for an order dismissing Plaintiffs' claims under the first-filed rule and principles of judicial economy because the present lawsuit is essentially identical to and duplicative of the *Guerra* lawsuit. Alternatively, Defendant seeks to stay the action or to transfer the action to the Eastern District of Pennsylvania.

**MEMORANDUM**

The first-filed rule establishes that in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to hear the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.,* 989 F.2d 1002, 1005 (8th Cir. 1993). The purpose of the rule is to conserve judicial resources and avoid conflicting rulings. *Keymer v. Mgmt. Recruiters Int'l, Inc.,* 169 F.3d 501, 503 n.2 (8th Cir. 1999). "The first-filed rule is not intended to be rigid, mechanical, or inflexible[ ] but is to be applied in a manner best serving the interests of justice." *Nw. Airlines,* 989 F.2d at 1005 (quotations and citation omitted). In the absence of compelling circumstances the first-filed rule should apply. *Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 120 (8th Cir. 1985) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu,* 675 F.2d 1169, 1174 (11th Cir. 1982)). When a court determines that the first-filed rule applies, it is within the court's discretion to dismiss, stay, or transfer the case.

There is no dispute that the *Guerra* lawsuit was filed and served before the present lawsuit. *Guerra* was filed on March 17, 2008. This lawsuit was filed on April 14, 2009.

3

The Court also considers the similarity of the parties in the present lawsuit and the *Guerra* lawsuit. Defendant is named in both lawsuits. In addition, Plaintiffs in this action seek to certify the following class:

> All Black or African American consumers who obtained a Homecomings home mortgage loan in the United States between April 14, 2003, and the date of judgment of this action . . . and who were subject to Homecomings' discretionary pricing policy pursuant to which they paid discretionary points, fees or interest mark-ups in connection with their loan.

(Compl. ¶ 34.) The plaintiffs in the *Guerra* lawsuit seek to certify the following class:

> All Minority[1] persons in the United States who obtained a residential mortgage loan from [Defendant] between January 1, 2001 and the present and were harmed by [Defendant's] racially discriminatory policies and/or practices.

(Raman Decl. ¶ 2, Ex. 2 at ¶ 69.) While the named plaintiffs are different, the putative classes overlap, and the putative class in the present action is wholly encompassed by the putative class in *Guerra*. Thus, the named plaintiffs in this action are also encompassed by the *Guerra* putative class. The Court finds that the similarity of the parties weighs in favor of applying the first-filed rule. *See, e.g.*, *Peak v. Green Tree Fin. Servicing Corp.*, No. C 00-0953 SC, 2000 WL 973685, at *2 (N.D. Cal. July 7, 2000); *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689-90 (E.D. Tenn. 2005); and *City of Columbus v. Hotels.com, L.P.*, No. 2:06-cv-677, 2007 WL 2029036, at *7 (S.D. Ohio July 10, 2007).

---

[1] "Minority" refers to "any and all non-Caucasian/White racial groups protected under the Equal Credit Opportunity Act and the Fair Housing Act, including, without

(Footnote Continued on Next Page)

The Court, however, must also consider the issues presented in the two cases. Defendant asserts that the factual issues and claims involved in both suits are the same. Defendant contends that both cases focus on the allegation that Defendant's alleged "discretionary pricing policy" has a disparate impact on minority borrowers, resulting in minority borrowers receiving more expensive mortgages than non-minority borrowers. (Raman Decl. ¶2, Ex. 2, at ¶ 5; Compl. ¶ 2.) Defendant also notes that material paragraphs in the two complaints are virtually identical to each other and that both complaints seek the same relief, namely actual and punitive damages and declaratory and injunctive relief.

Plaintiffs, on the other hand, assert that their claims here are broader than those articulated in the *Guerra* lawsuit. In particular, Plaintiffs assert that this case is essentially a CRA case, which requires a showing that Defendant intended to discriminate on the basis of race, and that there is no CRA claim in the *Guerra* case. Plaintiffs further assert that the ECOA and FHA claims in both this action and the *Guerra* lawsuit only require a showing that a particular practice or policy has an adverse impact on a protected class. Plaintiffs contend that their substantive rights on the CRA claim will be impacted by the dismissal or transfer of this action. For example, Plaintiffs assert that they are afforded a six-year statute of limitations on their CRA claim under Minnesota law and that Pennsylvania law only affords a two-year statutory period. Moreover, Plaintiffs

---

(Footnote Continued From Previous Page)
limitation, African-Americans and Latinos." (Raman Decl. ¶2, Ex. 2 at ¶ 4.)

assert that discovery in the *Guerra* lawsuit has not been related to the CRA claim.

Here, both complaints allege "disparate impacts" under the ECOA and FHA arising from Defendant's use of a "discretionary pricing policy" and seek actual and punitive damages, as well as declaratory and injunctive relief. To the extent that this lawsuit should be limited to those claims, the parties agree that the case would be properly transferred to the Eastern District of Pennsylvania. Despite Plaintiffs' arguments to the contrary, it appears that Plaintiffs' allegations in this lawsuit center on a theory of disparate impact, not intentional discrimination. Nevertheless, Plaintiffs have alleged a CRA claim and that claim is not alleged in the *Guerra* lawsuit. Therefore, the Court is concerned that Plaintiffs' CRA claim could be impacted by a transfer, or any other application of the first-filed rule, and determines that it would be prudent for the parties to explore the viability of that claim on an expedited basis. The Court therefore instructs the parties to conduct expedited discovery limited to the Plaintiffs' CRA claim and to file any appropriate motions or stipulations at the conclusion of the discovery period. Should it be revealed that the CRA claim is not supported factually, the Court is inclined to transfer this action to the Eastern District of Pennsylvania.

## CONCLUSION

Accordingly, based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Defendants' Motion to Dismiss, Stay, or Transfer (Doc. No. 12) is **DENIED WITHOUT PREJUDICE**.

2. The parties shall have 120 days to conduct expedited discovery on the viability of Plaintiffs' CRA claim.

Dated: October 23, 2009                    s/Donovan W. Frank
                                           DONOVAN W. FRANK
                                           United States District Judge